IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| LEONARDO RAMIREZ, JOSE MARQUEZ, ROBERTO VALENCIA, and ANDRES GARAY individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>   vs.<br><br>RDO-BOS FARMS, LLC, a Delaware limited liability company,<br><br>            Defendant. | Case No. 06-174-KI<br><br>OPINION AND ORDER |

James E. McCandlish
Mark E. Griffin
Waldo Block
215 S.W. Washington, Suite 202
Portland, Oregon 97204

    Attorneys for Plaintiffs

Page 1 - OPINION AND ORDER

       Lisa C. Brown
       Barran Liebman LLP
       601 S. W. Second Avenue, Suite 2300
       Portland, Oregon  97204-3159

              Attorney for Defendant

KING, Judge:

    Plaintiffs bring an action under the Fair Labor Standards Act ("FLSA") and related Oregon statutes for overtime wages. Before me is Plaintiffs' Motion for Approval of *Hoffman-Laroche* Notice (#6), Plaintiffs' Motion to Strike Declarations of James Campbell and Marty Myers (#26), and Defendant's Motion to Strike Statements by Declarants Roberto Valencia and Leonardo Ramirez (#21).

    At the oral argument on April 20, 2006, I granted Plaintiffs' Motion for Approval of *Hoffman-Laroche* Notice for the reasons stated on the record. However, I did not resolve plaintiffs' request that I equitably toll the statute of limitations as of February 7, 2006. The statute of limitations is not tolled for each individual plaintiff until that individual has filed a consent to join. 29 U.S.C. § 256(b). Courts consider equitably tolling the statute of limitations when the defendant has engaged in wrongful conduct, or if other exceptional circumstances exist. Partlow v. Jewish Orphans' Home of So. Cal., Inc., 645 F.2d 757, 760 (9th Cir. 1981), abrogated on other grounds by Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165 (1989). However, the "alleged discovery refusal does not present wrongful conduct on the part of defendant that prevents potential plaintiffs from asserting their claims. At best, plaintiff presents evidence that potential plaintiffs did not know of this action, not that defendant prevented potential plaintiffs from knowing about an FLSA violation." Fichtner v. American Family Mut. Ins. Co., No. 02-

Page 2 - OPINION AND ORDER

6284-HO, 2004 WL 3106753, at * 10 (D. Or. Mar. 1, 2004).  There are no other exceptional circumstances existing here that warrant tolling the statute of limitations.  Accordingly, I decline to equitably toll the statute of limitations.

In addition, I did not state my ruling on the record with regard to the motions to strike.  I deny them as moot.  I made a decision based on the pleadings and affidavits submitted, and there was sufficient unobjectionable evidence offered in the affidavits from which I could make the decision to conditionally certify the collective action.

I reiterate here that I have certified the collective action only for notice and discovery purposes, and I am not holding at this time that all members of the proposed class who will be sent notices are, in fact, similarly situated to plaintiffs.  Furthermore, should discovery reveal that plaintiffs are not similarly situated to some or all of the persons who may choose to opt in, I will consider a motion to decertify the class.

As I indicated during the oral argument, the parties are to confer on a proposed notice, which shall include a definition of the class that consists only of those current and former employees who work or have worked in the compost facility, are deemed by defendant to be exempt agricultural workers, and who consent to join within three years of the alleged violation.  If the parties are unable to agree on a proposed form of notice, they should contact the court and request a telephone conference.

///


///

Page 3 - OPINION AND ORDER

## CONCLUSION

Plaintiffs' Motion for Approval of *Hoffman-Laroche* Notice (#6) is granted, and Plaintiffs' Motion to Strike Declarations of James Campbell and Marty Myers (#26) and Defendant's Motion to Strike Statements by Declarants Roberto Valencia and Leonardo Ramirez (#21) are denied as moot.

IT IS SO ORDERED.

Dated this  21st  day of April, 2006.

                                          /s/ Garr M. King
                                          Garr M. King
                                          United States District Judge