IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| LEONARDO RAMIREZ, JOSE MARQUEZ, ROBERTO VALENCIA, and ANDRES GARAY, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  vs.<br><br>RDO-BOS FARMS, LLC, a Delaware limited liability company,<br><br>        Defendant. | Civil Case No. 06-174-KI<br><br>OPINION AND ORDER ON CLASS CERTIFICATION |

    James E. McCandlish
    Mark E. Griffin
    Griffin & McCandlish
    Waldo Block, Suite 202
    215 SW Washington
    Portland, Oregon  97204

        Attorneys for Plaintiffs

Page 1 - OPINION AND ORDER

      Lisa C. Brown
      Amy L. Buckler
      Barran Liebman LLP
      601 SW Second Avenue, Suite 2300
      Portland, Oregon 97204-3159

           Attorneys for Defendant

KING, Judge:

        Plaintiffs bring an action under the Fair Labor Standards Act ("FLSA") and for violation of Oregon's overtime wage law.

        Before the court is plaintiffs' Motion to Certify Class (#99). For the reasons stated below, I grant the motion.

## BACKGROUND

        Defendant composts animal and vegetative waste, and plaintiffs were employed to process, package and transport the compost. Plaintiffs allege defendant classified plaintiffs as agricultural workers in order to avoid paying them overtime wages. I certified the FLSA claim as a collective action for notice and discovery purposes only, and notices were sent out. I estimate that approximately 26 individuals have consented to join the FLSA action. A total of approximately 100 individuals worked in the composting operation during the time that defendant allegedly violated Oregon's overtime wage law.

## LEGAL STANDARDS

        Rule 23 allows suits to go forward as class actions only if:

> [T]he class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the

>   class [and] [t]he court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(a) and (b)(3).

A court may certify a class only if it is satisfied that all of the prerequisites of Rule 23(a) and at least one of the three factors of Rule 23(b) have been met. The party seeking class certification bears the burden of proving each of the elements of Rule 23.

## DISCUSSION

With regard to the Rule 23(a) criteria, plaintiffs meet the numerosity requirement since the class will consist of the approximately 100 individuals who were employees of defendant during the relevant period. This is a sufficiently large number of individuals to make joinder impracticable. See Immigrant Assistance Project of Los Angeles County Federation of Labor v. I.N.S., 306 F.3d 842, 869 (9th Cir. 2002) (noting case that found classes of 39, 64, and 71 met criterion).

In addition, plaintiffs have established that there are common questions of fact or law. Plaintiffs allege that defendant improperly classified all employees as agricultural workers and refused to pay overtime as a result of that misclassification. For the same reason, I find that the claims of the representative parties are not only typical of those of the class, they are identical.

Finally, I find that the representative plaintiffs will adequately protect the interests of the class. Defendant asserts that plaintiffs each testified during their depositions that they do not understand what the claims are of any of the other plaintiffs in the lawsuit. In addition, according to defendant, their testimony illustrates their limited understanding of their own claims.

However, I find that plaintiffs have met the following test: adequate representation "depends on the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." Brown v. Ticor Title Ins. Co., 982 F.2d 386, 390 (9th Cir. 1992) (quotation omitted). Counsel for plaintiffs have participated in a number of class or representative actions in the areas of overtime and wage and hour issues. There is neither evidence of antagonism among the plaintiffs and class members, nor evidence of collusion, and there is no question that the representative plaintiffs and class members share the goal of demonstrating the inapplicability to them of the agricultural exemption. Accordingly, I find that the elements of Rule 23(a) have been met.

Defendant questions whether Rule 23(b)(3) is met: whether "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." According to defendant, plaintiffs can have their pendant state law claims adjudicated as part of the FLSA collective action. Indeed, defendant asserts that plaintiffs' FLSA claim is a better vehicle because the court would otherwise be in the "peculiar situation of a large number of plaintiffs in the state law class who have chosen not to prosecute their federal claims." Leuthold v. Destination America, Inc., 224 F.R.D. 462, 470 (N.D. Cal. 2004). Indeed, it appears to be defendant's main concern that the class might include individuals who chose not to opt-in to the FLSA collective action.

I do not find Leuthold to be persuasive in this context. In that case, the court was asked to consider a collective action and a class action at the same time. One of the issues the court raised was any confusion that might arise as a result of the opt-in and opt-out requirements contained in a joint notice. Here, class members will receive a subsequent notice informing them

Page 4 - OPINION AND ORDER

of their right to opt-out of the class action. In addition, I find that a class action is appropriate given the background of class members and that class members may have been fearful to join the FLSA collective action.[1] Therefore, I find that Rule 23(b)(3) is satisfied.

## CONCLUSION

Based on the foregoing, plaintiffs' Motion to Certify Class (#99) is granted. For purposes of plaintiffs' second claim for relief, the class shall consist of all of defendant's present and former employees who worked in the composting operations at any time after February 7, 2004, and who were not paid overtime because defendant classified them as exempt employees.

IT IS SO ORDERED.

Dated this   23rd   day of January, 2007.

          /s/ Garr M. King
          Garr M. King
          United States District Judge

---

[1] Jose Luis Pedraza testified, "I think if I had not participated in the lawsuit process, I would have been called back to work." Decl. of Jose Luis Pedraza in Supp. of Pls.' Reply Memo. Although defendant asserted in oral argument that this statement was not based on any admissible evidence, it is nevertheless a statement as to Pedraza's state of mind.